Terrence J. Coleman    (State Bar No. 172183)
Michael J. Quirk      (State Bar No. 283351)
PILLSBURY & COLEMAN, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile:  (415) 433-4816
Email:      tcoleman@pillsburycoleman.com
            mquirk@pillsburycoleman.com

Attorneys for Plaintiff
CINDY BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY BROWN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS** |

Plaintiff alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.　This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

2.　Venue is proper in this District because Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") is authorized to transact business in the State of California, the applicable benefit plans were administered in this District, breach took place in this District, and Unum may be found in this District. 29 U.S.C. § 1132(e)(2).

## THE PARTIES

3. Plaintiff CINDY BROWN ("Plaintiff") is an individual who is currently, and at all relevant times was, residing in the State of California, Orange County.

4. Defendant Unum was and is a business entity authorized to transact business in the State of California, including the marketing, sale and issuance of disability insurance and life insurance.

## FACTUAL ALLEGATIONS

5. At all relevant times, Plaintiff was employed as Chief Operations Officer at the Pyramid Peak Corporation ("Pyramid Peak") in Newport Beach, California.

6. At all relevant times, incident to her employment with Pyramid Peak Plaintiff participated as an insured employee in a group long-term disability plan (the "LTD Plan") created to provide long-term disability benefits to Pyramid Peak employees. The Plan is sponsored by Pyramid Peak but insured by a group long-term disability insurance policy underwritten and issued by Unum, policy number 143902-002 (the "LTD Policy").

7. At all relevant times, incident to her employment with Pyramid Peak Plaintiff participated as an insured employee in a group life insurance plan (the "Life Insurance Plan") created to provide life insurance benefits to Pyramid Peak employees. The Plan is sponsored by Pyramid Peak but insured by a group life insurance policy underwritten and issued by Unum, policy number 143902-001 (the "Life Insurance Policy").

8. Plaintiff received coverage under both Plans and Policies as a "participant" as defined by 29 U.S.C. § 1002(7).

9. The LTD Plan and the Life Insurance Plan were and are employee welfare benefit plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Unum was and remains the de facto co-plan administrator and co-claims fiduciary of the LTD Plan and the Life Insurance Plan.

10. At all relevant times, the LTD Plan stated that Unum was required to pay

Plaintiff a monthly LTD benefit if she was deemed "Totally Disabled" or "Partially Disabled."

11. The LTD Plan defines "Totally Disabled" as follows:

> For the first 27 months, you are totally disabled when, as a result of sickness or injury, you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way.
>
> After benefits have been paid for 24 months of disability you are totally disabled when, as a result of sickness or injury, you are not able to engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.

12. The LTD Plan defines "Partially Disabled" as follows:

> You are partially disabled when you are not totally disabled and that while actually working in your usual occupation, as a result of sickness or injury you are unable to earn 80% or more of your indexed monthly pre-disability earnings.
>
> After benefits have been paid for 24 months you are partially disabled when you are not totally disabled and that while actually working in an occupation, as a result of sickness or injury you are unable to engage with reasonable continuity in that or in any other occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.

13. Under the Pyramid Peak Life Insurance Plan, in the event Plaintiff became Totally or Partially Disabled she was eligible for a "Premium Waiver" of her life insurance premium. The Life Insurance Policy defines "Disability" as follows:

> - [D]uring the elimination period, you are not working in any occupation due to your injury or sickness; and
>
> - after the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are or become reasonably fitted by training, education or experience and which disability is, in fact, preventing you from engaging in any employment or occupation for wage or profit.

14. In addition to the policy definitions above, under California law governing

-3-
COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS

the definition of total disability, Unum was obligated to pay monthly LTD benefits and continue Premium Waiver benefits in the event that she became unable to perform with reasonable continuity in the usual and customary manner the material and substantial duties of her own occupation, or any occupation for which she was qualified by education, training or experience.

15. Under the LTD Plan, the Life Insurance Plan, and California law governing the definition of disability, Unum promised, in relevant part, to pay monthly LTD benefits and provide Premium Waiver benefits to Plaintiff in the event that she became disabled.

16. At all material times herein, Plaintiff complied with all the material provisions pertaining to the LTD Plan and the Group Life Plan and/or compliance was waived by Unum.

17. While the LTD Plan and the Group Life Plan were in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plans as a result of chronic fatigue and cognitive deficits caused by life-saving chemotherapy she underwent for her multiple myeloma. Plaintiff has been, remains, and will be unable to perform the substantial and material duties of her usual occupation, any gainful occupation, or any occupation for which she was qualified by education, training or experience.

18. Plaintiff was initially diagnosed with multiple myeloma and secondary AL amyloidosis on April 20, 2014. Radiation treatment on a mass of cancerous cells on her right pelvis began the following month, and she underwent both oral and intravenous chemotherapy and achieved a partial remission.

19. Shortly after beginning chemotherapy, Plaintiff timely applied for LTD benefits under the LTD Plan and Premium Waiver benefits under the Life Insurance Plan. Unum agreed that Plaintiff met the LTD Plan's definition of "Total Disability" and made LTD benefit payments under the Plan to Plaintiff beginning on December 29, 2014. Unum also agreed that Plaintiff qualified for Waiver of Premium benefits under

the Group Life Plan.

20. Plaintiff also began treating at a world-renowned cancer treatment center in Seattle, where she started high dose Melphalan chemotherapy. On February 9, 2015, Plaintiff received an autologous peripheral stem cell transplant, which was unsuccessful, and she started chemotherapy again. On April 14, 2015, Plaintiff received an allogeneic peripheral stem cell transplant from her brother. This second transplant nearly killed Plaintiff when she suffered complications resulting in heart failure. She survived, and underwent another course of chemotherapy and total body radiation. Following her transplants, Plaintiff took a multitude of immunosuppressant drugs and was closely monitored by her doctors for graft-versus-host disease.

21. Around January 2016, Plaintiff slowly began working for Pyramid Peak a few hours per week, from home. She noticed, however, she was unusually tired, forgetful, and having problems focusing. She was easily distracted, lost her train of thought frequently, and was making frequent mistakes in her work.

22. Chronic fatigue and cognitive issues are a known side effect of cancer treatment, and the cognitive side effects are colloquially called "chemo brain." Plaintiff noticed these symptoms following completion of her chemotherapy, and continues to experience them to date.

23. Throughout 2016, Plaintiff's compromised immune system caused her to contract at least 4 bacterial infections, and she caught pneumonia that lasted 6 weeks.

24. On November 17, 2016, Unum terminated Plaintiff's LTD benefits under the LTD Plan effective November 18, 2016 despite the fact that she had been and continues to meet the LTD Plan's definition of disability and continues to be disabled under the California definition of disability. Unum also terminated Plaintiff's life insurance Premium Waiver benefits as of November 18, 2016, despite the fact that Plaintiff continues to be disabled under the terms of the Life Insurance Plan and the California definition of total disability.

25. Two months later, for the first time in her life Plaintiff began experiencing

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS

allergic reactions of an unknown origin, which were severe enough to send her to the emergency room.

26. Following Unum's termination of her LTD benefits and Life Insurance Premium Waiver benefits, Plaintiff, through her attorney, timely appealed Unum's decision on June 6, 2017. In her appeal, Plaintiff provided Unum with additional and overwhelming evidence in support of her claim for LTD benefits and Premium Waiver benefits, including updated medical records, declarations from her family, a declaration from her supervisor at Pyramid Peak, a neuropsychological report confirming her cognitive deficits, and a medical statement from her treating oncologist attesting to her continued disability due to side effects from chemotherapy.

27. The only neuropsychologist to examine Plaintiff determined that if "she was somehow able to return from a physical standpoint, despite her immunosuppression and inability to fight off infections and work full-time around other people that may be ill, her distractibility, limited processing speed, and issues with aspects of executive functioning and visual memory would preclude her from working successfully at her high level occupation."

28. Plaintiff's oncologist reported to Unum that Plaintiff "suffers from cognitive dysfunction with proactive interference, cognitive fatigue, impaired train of thought and processing speed as well as compromised fine motor skills . . . the toxicities of life saving treatment have resulted in Ms. Brown's impaired cognitive function."

29. On August 1, 2017, while her appeal was pending Plaintiff informed Unum that her multiple myeloma had recurred. On August 15, 2017, Plaintiff informed Unum that her hematologist Dr. Edward Libby at her cancer clinic in Seattle was her newest treating doctor.

30. Despite the additional and overwhelming evidence Plaintiff submitted further establishing her disability, on September 15, 2017, Unum affirmed its prior termination of her LTD benefits and Premium Waiver benefits. It failed to request medical records from Dr. Libby.

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS

31. Unum's actions are contrary to the terms of the LTD Plan, the Life Insurance Plan, and California law, and have no reliable evidentiary support. Unum's actions are also contrary to the reports and assessments of all of the doctors who have personally evaluated and treated Plaintiff. Unum's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, Unum's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008).

32. As a direct and proximate result of the aforementioned acts of Unum, and each of them, Plaintiff suffered damages as outlined below.

33. As a result of the actions of Unum, Plaintiff has been improperly denied LTD benefits and Waiver of Premium benefits due since November 18, 2016, together with interest thereon and has suffered further and severe economic hardship and emotional distress.

34. As a further result of the actions of Unum, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

### FIRST CAUSE OF ACTION
### Recovery Of LTD Benefits
### (Against Unum; 29 U.S.C. § 1132(a)(1)(B))

35. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. At all relevant times, Plaintiff was insured under the LTD Plan and Unum was responsible for the administration and handling of Plaintiff's LTD benefits.

37. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the LTD Plan, and/or compliance has been waived or Unum is estopped from asserting non-compliance.

38. While the LTD Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive LTD benefits under the LTD Plan.

39. Contrary to the evidence and argument presented, Unum terminated

Plaintiff's claim for LTD benefits, and has refused and continues to refuse to make full LTD disability payments to Plaintiff in the appropriate amount due. Plaintiff appealed Unum's termination of LTD benefits and exhausted her administrative remedies. The appeal was denied by Unum on September 15, 2017.

40. Unum's refusal to pay Plaintiff LTD benefits violates the terms of the LTD Plan, and Unum's actions in administering Plaintiff's claim and in terminating LTD benefits was wrongful, arbitrary and capricious. At all material times herein, Unum failed and refused to honor the LTD Plan. Unum is therefore liable for all LTD benefits due under the LTD Plan and the LTD Policy. Moreover, Plaintiff's physical condition is expected to prevent her from returning to work in any capacity whatsoever for the duration of the policy's maximum benefit period.

41. As a proximate result of Unum's actions, Plaintiff has been deprived of her LTD benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 32-34. Plaintiff further seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Unum from terminating or reducing her LTD benefits until the end of the maximum benefit period, or such other declaration the Court deems proper.

**SECOND CAUSE OF ACTION**
**Recovery Of Life Insurance Premium Waiver Benefits**
**(Against Unum; 29 U.S.C. § 1132(a)(1)(B))**

42. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. At all relevant times, Plaintiff was insured under the Pyramid Peak Life Insurance Plan and Unum was responsible for the administration and handling of Plaintiff's Premium Waiver benefits.

44. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Pyramid Peak Life Insurance Plan, and/or compliance has been waived or Unum is estopped from asserting non-compliance.

45. While the Pyramid Peak Life Insurance Plan was in full force and effect,

Plaintiff became and remains Disabled and entitled to life insurance Premium Waiver benefits under the Pyramid Peak Life Insurance Plan.

46. Contrary to the evidence and argument presented, Unum terminated Plaintiff's claim for Premium Waiver benefits, and has refused and continues to reinstate such claim for Premium Waiver benefits. Plaintiff appealed Unum's termination of benefits and exhausted her administrative remedies. The appeal was denied by Unum on September 15, 2017.

47. Unum's termination of Plaintiff's life insurance Premium Waiver benefits violates the terms of the Pyramid Peak Life Insurance Plan and the Life Insurance Policy, and Unum's actions in administering Plaintiff's Premium Waiver claim and in terminating Premium Waiver benefits was wrongful, arbitrary and capricious. At all material times herein, Unum failed and refused to honor the Pyramid Peak Life Insurance Plan. Unum is therefore liable for all Premium Waiver benefits due under the Pyramid Peak Life Insurance Plan and Unum's Life Insurance Policy. Moreover, Plaintiff's physical condition is expected to prevent her from returning to work in any capacity whatsoever for the duration of the policy's maximum benefit period.

48. As a proximate result of Unum's actions, Plaintiff has been deprived of her Premium Waiver benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 32-34. Plaintiff further seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Unum from terminating her Premium Waiver benefits until the end of the maximum benefit period, or such other declaration the Court deems proper.

WHEREFORE, Plaintiff prays as follows:

1. For a determination that Plaintiff is entitled to receive past and ongoing LTD benefits under the Pyramid Peak LTD Plan, from November 18, 2016 through the date judgment is entered, and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Pyramid Peak LTD Plan;

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS

2. For a determination that Plaintiff is entitled to reinstatement of Premium Waiver benefits under the Pyramid Peak Life Insurance Plan retroactive to November 18, 2016 and an injunction mandating the award of Premium Waiver benefits to Plaintiff for the maximum benefit period under the Life Insurance Plan;

3. For damages according to proof;

4. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g);

5. For prejudgment interest on all LTD benefits that have accrued prior to the judgment; and

6. For such other and further relief as the Court may find appropriate.

Dated: November 2, 2017                    PILLSBURY & COLEMAN, LLP

                                           By:  /s/ Michael J. Quirk
                                                Terrence J. Coleman
                                                Michael J. Quirk
                                                Attorneys for Plaintiff
                                                CINDY BROWN

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS